**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SAYED FAHIM AHMADI #A246-563-026** | **CASE NO.  1:26-CV-00620 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MELLISSA HARPER ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is a Motion for a Temporary Restraining Order ("TRO") in the Alternative Preliminary Injunction [Doc. No. 6] filed by *pro se* Petitioner, Sayed Fahim Ahmadi ("Petitioner"). Petitioner seeks, via this Motion, immediate release from immigration detention.[1]

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-CV-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added).

---

[1] [Doc. No. 6, p. 11].

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Since the preliminary relief Petitioner seeks—immediate release from immigration detention—mirrors the ultimate relief sought in Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"),[2] Petitioner's Motion [Doc. No. 6] is **DENIED**. The Habeas Petition [Doc. No. 5] is hereby referred to the Magistrate Judge.

MONROE, LOUISIANA, this 9th day of April 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] [Doc. No. 5, p. 14].