**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**SAYED FAHIM AHMADI**　　　　　　　　**DOCKET NO. 1:26-cv-0620**

**VERSUS**　　　　　　　　　　　　　　**JUDGE TERRY A. DOUGHTY**

**MELISSA HARPER, ET AL**　　　　　　**MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Before the court are the original and amended petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Sayed Fahim Ahmadi on February 27, 2026. Docs. 1, 5. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**I.    BACKGROUND**

Ahmadi (Petitioner) is a citizen of Afghanistan who fled his country due to political prosecution by the Taliban. Doc. 5, p. 3. He entered the United States on January 1, 2023, without valid entry documents. *Id*. When approached by border officials, he informed them of his fear to return to Afghanistan and his intent to seek asylum. *Id*. He demonstrated positive credible fear and on February 18, 2023, he was granted humanitarian parole. *Id*. On April 29, 2024, an immigration judge denied his asylum and ordered him removed. *Id*. He filed an appeal on May 2, 2024, which was pending at the time he filed the instant petition. *Id*. On April 13, 2026, his appeal was dismissed. *See* https://acis.eoir.justice.gov/en/caseInformation. Petitioner asks this Court to order the Respondents to release him from custody. Doc. 5, p. 14.

## II.    LAW & ANALYSIS

At the time he filed the instant petition, Ahmadi was in pre-removal-order detention.  On April 29, 2024, an Immigration Judge ordered him removed and that order became final on April 13, 2026.[1]  Since then, he has been in post-removal-order detention. *See* 8 U.S.C. § 1231.

Under § 1231(a)(1)(A), U.S. Immigration and Customs Enforcement ("ICE") has 90 days to remove an alien after he is ordered removed. However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id*.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Because Petitioner's removal order became final on April 13, 2026, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, the instant habeas petition should be dismissed as premature. *See Okpoju v. Ridge,* 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066, 125 S. Ct. 2528, 161 L. Ed.

---

[1]Under 8 C.F.R. § 1241.1(a), "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals[.]"

2d 1120 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder,* 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because petitioner had not been in post-removal-order custody more than six months).

### III.   CONCLUSION

For the reasons stated above, Ahmadi's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 27th day of April, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**